IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                         No. CR 17-0758 JB

JOSE MANZANARES-CASTRO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to the Presentence Investigation Report and Sentencing Memorandum, filed May 18, 2017 (Doc. 17)("Objections"). The Court held a sentencing hearing on June 21, 2017. The primary issue is whether Defendant Jose Manzanares-Castro's March 9, 2012 conviction, under California Penal Code § 33215 for Manufacture, Import, Sale, Supply or Possession of a Short-Barreled Rifle or Short-Barreled Shotgun is a felony for the purposes of U.S.S.G. § 2L1.2(b)(D). The Court concludes that the conviction qualifies as a felony.

On February 28, 2017, a deputy with the Bernalillo County Sherriff's Office encountered Manzanares-Castro in Albuquerque, New Mexico, during a traffic stop for a partially obscured license plate. A law-enforcement inquiry revealed: (i) that Manzanares-Castro was a citizen of Mexico; (ii) that he had been convicted of Manufacture, Import, Sale, Supply or Possession of a Short-Barreled Rifle or Short-Barreled Shotgun on March 9, 2012, in California Superior Court; and (iii) that he had been ordered removed from the United States on February 13, 2014. On March 21, 2017, Manzanares-Castro pled guilty to illegal reentry of a removed alien without the benefit of a plea agreement. Approximately two months later, the United States Probation Office

("USPO") filed its Presentence Investigation Report, filed May 4, 2017 (Doc. 15)("PSR"). The USPO identifies Manzanares-Castro's base offense level as 8. See PSR ¶ 9, at 4 (citing U.S.S.G. § 2L1.2(a)). The USPO adds 4 levels to the base offense level, because it determines that Manzanares-Castro sustained a felony conviction before he was first ordered removed. See PSR ¶ 10, at 4 (citing U.S.S.G. § 2L1.2(b)(2)(D)). The USPO subtracts two levels for acceptance of responsibility, see PSR ¶ 16, at 4 (citing U.S.S.G. § 3E1.1(a)), which produces a total offense level of 5, see PSR ¶ 17, at 4. The USPO determined that Manzanares-Castro has a criminal history category of II. See PSR ¶ 25, at 5.

On May 18, 2017, Manzanares-Castro filed his Objections, in which he argues that his California conviction is a misdemeanor and not a felony. Manzanares-Castro asserts that violations of California Penal Code § 33215 are "wobblers," i.e., offenses that prosecutors can charge either as a misdemeanor or as a felony and that trial courts, in their discretion, can punish either as a misdemeanor or as a felony. See Objections ¶ 4, at 2-3 (citing Ewing v. California, 538 U.S. 11, 16-17 (2003)). Manzanares-Castro admits that the California Superior Court accepted his guilty plea to a felony charge, but he asserts that the sentencing court stated that, "if he does complete the three years of formal felony probation successfully, the people will not oppose a reduction to a misdemeanor." Objections ¶ 5, at 3. According to Manzanares-Castro, that condition and the absence of evidence indicating that Manzanares-Castro failed to complete three years of probation combine to render his conviction under § 33215 a misdemeanor. See Objections ¶¶ 6, 10, at 3, 5.

Plaintiff United States of America submitted the United States' Response to Defendant's Objection to the Presentence Investigation Report and Sentencing Memorandum, filed May 25, 2017 (Doc. 18)("Response"). The United States argues that "California law converts a 'wobbler

into a misdemeanor only when the court declares the offense to be a misdemeanor'" and that the California sentencing court "indicated that it would be open to converting the conviction to a misdemeanor upon Defendant's successful completion of probation," but that the record does not indicate that such a conversion actually occurred. Response ¶¶ 3, 5, at 2 (quoting United States v. Hernandez-Castillo, 449 F.3d 1127, 1131 (10th Cir. 2006)).

The USPO disclosed an Addendum to the Presentence Report, filed May 30, 2017 (Doc. 21)("Addendum"). Like the United States, the USPO observes that the record does not indicate that the California felony conviction was converted into a misdemeanor. See Addendum at 1. The USPO also notes that U.S.S.G. § 2L1.2 references U.S.S.G. § 4A1.2 for definitions, and that § 4A1.2's Application Note 6 states that sentences which are based on convictions which are reversed, vacated, or invalidated are counted when applying the Guidelines unless the conviction was invalidated for an error of law or newly discovered evidence exonerates the defendant. See Addendum at 1.

The Court concludes that the PSR correctly treats Manzanares-Castro's 2012 conviction as a felony. According to the Guidelines, illegal reentry's total offense level should be increased by 4 levels if "before the defendant was ordered deported or ordered removed . . . the defendant sustained . . . a conviction for any other felony offense (other than an illegal reentry offense)." U.S.S.G. § 2L1.2(b)(2). For U.S.S.G. § 2L1.2's purposes -- but not for the purposes of California's three-strikes law, see Ewing v. California, 538 U.S. at 16-17 -- a felony means "any federal, state, or local offense punishable by imprisonment for a term exceeding one year," U.S.S.G. § 2L1.2 Application Note 2. A § 33215 violation is punishable for a term exceeding one year. See Cal. Penal Code § 33215 (stating that a violation "is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section

1170"); id. § 1170(h) ("[A] felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years."). Consequently, a violation of § 33215 is a felony, for the purposes of U.S.S.G. § 2L1.2, regardless whether California law classifies the conviction as a felony or a misdemeanor.

**IT IS ORDERED** that the Defendant's Objection to the Presentence Investigation Report and Sentencing Memorandum, filed May 18, 2017 (Doc. 17), is overruled.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Edward Han
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Alejandro Benito Fernandez
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorney for the Defendant*